IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60853
Summary Calendar
_____

TAWANATHA REID

                    Plaintiff-Appellant,

     v.

AMERICAN PREMIER INSURANCE COMPANY

                    Defendant-Appellee

_____

No. 98-60072
Summary Calendar
_____

AMERICAN PREMIER INSURANCE COMPANY

                    Plaintiff - Counter Defendant - Appellee

     v.

TAWANATHA REID; BRADLEY REID

                    Defendant - Counter Claimant - Appellant

     and

BRADIE REID, a minor by and through Bradley Reid, the
natural father

                    Defendant - Appellant
_____

Appeal from the United States District Court
for the Southern District of Mississippi
(2:97-CV-98-PG & 2:97-CV-261-P-G)
_____

September 14, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

   The appellants, Tawanatha Reid, Bradley Reid, and Bradie Reid, appeal from two adverse judgments, one dismissing a claim of bad faith and the other granting a motion for final summary judgment on a declaratory action, both in favor of American Premier Insurance Company.  On appeal the appellants challenge, as they did before the district court, the legality under Mississippi law of a clause excluding liability coverage as to family members in an automobile insurance policy issued to the Reids by American Premier.  They argue that the clause was abrogated by both the Mississippi Supreme Court's decision in Glaskox v. Glaskox, 614 So.2d 906 (Miss. 1992) and by § 63-15-43(3) of the Mississippi Safety Responsibility Act.  In addition, the appellants move to certify the question of the validity of the exclusionary clause to the Supreme Court of Mississippi. That motion is denied.

   We find the appellants' arguments to be without merit.  The Supreme Court of Mississippi upheld a similar exclusionary clause in Thompson v. Mississippi Farm Bureau Mut. Ins. Co., 602 So.2d 855 (Miss. 1992).  While the court did subsequently abolish parental immunity in Glaskox, see Glaskox, 614 So.2d at 912, that decision did not speak to the validity of an exclusionary rule in an automobile liability insurance policy and therefore did not overrule Thompson.  The appellants' second argument is also

   [*]   Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

without merit since the Supreme Court of Mississippi's decision in <u>State Farm Mut. Automobile Ins. Co. v. Mettetal</u>, 534 So.2d 189 (Miss. 1988), plainly indicates that the Reid's insurance policy was not governed by § 63-15-43(3) of the Mississippi Safety Responsibility Act.

After a consideration of the appellants' arguments, the entire record, and a de novo review of the legal findings of the district court, the judgments below are AFFIRMED for these reasons, which are essentially the same as provided by the district court in its Memorandum Opinion and Order, dated December 16, 1997.

AFFIRMED.